UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-CV-23833-RNS

LOUIS VILLANI and all others )
similarly situated under 29 U.S.C. )
216(b), )
)
)
Plaintiffs, )
)
vs. )
)
M.I. COURIER SERVICES INC. )
A/KA )
M.I. COURIER SERVICES INC. )
OF NEW YORK, )
JULIUS C. GOTAY, )
)

Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants, M.I. Courier Services, Inc. and Julius C. Gotay, by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint and state as follows:

1. Admitted that the Complaint alleges a cause of action under Fair Labor Standards Act 29 U.S.C.

2. Defendants are without knowledge as to the truthfulness or accuracy of the allegation contained in this Paragraph. However, upon information and belief, Plaintiff resided at 11090 SE Federal Hyw #94, Hobe Sound, Fl 33455 during the course of his independent contractor relationship with Defendant for jurisdiction and venue purposes.

3. Admitted that M.I. Courier Services, Inc. is a corporation that transacts business within Miami-Dade County, Florida. Denied that Defendant is "the FLSA employer" for Plaintiff.
4. Admitted that Julius C. Gotay is a corporate officer of the Defendant Corporation. All other allegations are denied.
5. Denied. To the contrary, upon information and belief, Plaintiff, resided in Martin County, Florida and was contracted for delivery service in Palm Beach County, mostly serving Delray Beach, Florida and surrounding cities.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATIONS

6. Admitted that the Complaint alleges violation of a United States statute. Admitted that the Complaint attempts to allege a cause of action for collective action under 29 U.S.C 216(b). All other allegations or assertions in this paragraph are denied.
7. Denied.
8. This Paragraph does not contain a factual allegation to which a response is required. The referenced Statute speaks for itself.
9. Denied. Plaintiff was not employed by M.I. Courier Services, Inc. during the alleged time period and further was not employed during the stated time frame.
10. Denied. This allegation contained boiler plate legal conclusions and elements of law which do not amount to factual allegations with which a response would be required.
11. Denied. This allegation contained boiler plate legal conclusions and elements of law which do not amount to factual allegations with which a response would be required.
12. Denied. Further, whether or not M.I. Courier Services, Inc. is an enterprise covered by the FLSA is a legal question and not a factual allegation to which a response is required.
13. It is admitted that Defendant, M.I. Courier Services, Inc. had gross sales in excess of $500,000 in 2016.
14. Denied. Defendant, M.I. Courier Services, Inc. gross sales or business done did not exceed $250,000 for the first six months of the year 2017 and is not expected to exceed $500,000 for the year 2017.
15. Denied.

16. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim for liquidated damages because the allegations do not rise to the requisite standard required for liquidated damages under the FLSA. Defendants' actions were in good faith and they had reasonable grounds for believing that they were in compliance with the FLSA.

### Second Affirmative Defense

The Court lacks jurisdiction over the matter as Plaintiff was not eligible for FLSA overtime because he was not a covered individual under either the individuals coverage or enterprise coverage under §207 of the Fair Labor Standards Act of 1938.

### Third Affirmative Defense

Plaintiff was not eligible for FLSA overtime because he was not a covered individual under §207 of the Fair Labor Standards Act of 1938; he was not "engaged in commerce or in the production of goods for commerce," (individual coverage) as alleged in the Complaint. Specifically, Plaintiff did not regularly and directly participate in the actual movement of persons or things in interstate commerce for the benefit of the corporate Defendant.

### Fourth Affirmative Defense

Plaintiff was not a covered individual under §207 of the Fair Labor Standards Act of 1938, which provides for overtime and minimum wages, because he was not "employed in an enterprise engaged in commerce or in the production of goods for commerce" (enterprise coverage) as it is defined by 29 U.S.C. §203(r) and (s)(1).

### Fifth Affirmative Defense

Plaintiff's claims are barred to the extent that the Defendant was an independent contractor.

### Sixth Affirmative Defense

Plaintiff has not met all of the requirements to bring a collective action under the FLSA.

### Seventh Affirmative Defense

Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which he engaged in certain activities that were preliminary or postliminy to their principal activities.

### Eighth Affirmative Defense

To the extent the corporate Defendant is found not to be liable, the individual Defendant, Julius C. Gotay, is also not liable for any violations of the FLSA because any claim against him would only be a derivative of the claim against the corporate Defendant. See, e.g., Casseus v. First Eagle, LLC, 2008 U.S. Dist. LEXIS 32249 (S.D. Fla. April 16, 2008).

### Ninth Affirmative Defense

At all material times the individual Defendant, Julius C. Gotay, was not Plaintiff's employer for FLSA purposes.

### RESERVATION OF AFFIRMATIVE DEFENSES

Defendants reserve the right to allege any further affirmative defenses as discovery proceeds.

WHEREFORE, Defendants, having fully answered the Complaint and having raised legal defenses thereto, request judgment in their favor in its entirety and that the Defendants be awarded costs, and reasonable attorneys' fees as may be allowed under 29 U.S.C. §§201-216, 28 U.S.C. §1927, and under the federal rules of civil procedure.

### JURY DEMAND

Defendants hereby request trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was sent to all parties and attorneys of record via E-Filing notification through the Court this 14th day of November, 2017.

Respectfully Submitted:

/s/ Elissa S Vessal

_____

ELISSA S. VESSAL, ESQUIRE, P.A.
Attorney for Defendants
1880 N. Congress Ave., Suite 200
Boynton Beach, FL 33426
Telephone: (561) 214-4648
Facsimile: (561) 244-8039
Service Email: eservice@EsvLaw.com
Secondary Email: Elissa@EsvLaw.com