UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-CV-23833-RNS

LOUIS VILLANI and all others similarly     )
situated under 29 U.S.C. 216(b),           )
                                           )
Plaintiffs,                                )
                                           )
            vs.                            )
                                           )
M.I. COURIER SERVICES INC. A/K/A           )
M.I. COURIER SERVICES INC. OF              )
NEW YORK,                                  )
JULIUS C. GOTAY,                           )

Defendants.

_____

**DEFENDANTS' MOTION FOR SETTLEMENT CONFERENCE &
MOTION TO STAY DISCOVERY FOR THIRTY (30) DAYS PENDING SETTLEMENT
CONFERENCE & DETERMINATION ON DEFENDANTS' MOTION TO TRANSFER
VENUE TO UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF
FLORIDA, WEST PALM BEACH DIVISION**

COMES NOW, the Defendants, M.I. Courier Service, Inc. and Julius C. Gotay ("Defendants"), by and through the undersigned attorney, hereby files this Motion for Settlement Conference and Motion to Stay Discovery for thirty (30) days pending the Settlement Conference and Determination on Defendants' Motion to Transfer Venue to United States District Court, Southern District of Florida, West Palm Beach Division.

In support of this Motion, Defendants state the following:

## INTRODUCTION

On October 18, 2017, Plaintiff filed the instant matter alleging a sole cause of action based on Federal Overtime Wage Violation under the Fair Labor Standards Act, 29 U.S.C. §201, *et* seq. ("FLSA").

Plaintiff served Defendants with the Statement of Claim stating that he seeks overtime compensation for 42 hours per week, at 61 weeks, which he calculates as total wages unpaid and liquidated damages: $15,628.20 = $31,256.40, exclusive of attorneys' fees and costs. Defendants

responded and objected to the Statement of Claim averring that Plaintiff was appropriately classified as an independent contractor.

On December 12, 2017, Defendants' counsel & Plaintiff's counsel had a telephone conference and have also transmitted several emails in a good faith effort to confer regarding the issues raised in the Motion to Stay Discovery for Thirty (30) Days Pending Settlement Conference and Defendants' Motion to Transfer Venue to United States District Court, Southern District of Florida, West Palm Beach Division.

## ARGUMENT

Discovery should be stayed pending the outcome of the parties' Settlement Conference and Defendants' Motion to Transfer Venue to United States District Court, Southern District of Florida, West Palm Beach Division.

A stay of discovery will allow the parties to discuss early resolution of the action before spending significant attorney's fees and costs on discovery and will further the goals of judicial economy. In *Warren v. Cook Sales, Inc.*, No. 15-0603-WS-M, 2016 U.S. Dist. LEXIS 30607 (S.D. Ala. 2016), "[t]he Court supports the parties' proactive efforts to explore whether an amicable compromise of their dispute is possible before plunging further down the expensive, time consuming path of litigation…..More concisely, there are considerable benefits to staying this action to enable the parties to focus on their efforts on reaching an amicable resolution in the short term. This type of circumstance may be a compelling reason for a stay."

Furthermore, *Boise v. ACE USA, Inc.*, No. 15-Civ-21264-COOKE/TORRES, 2015 U.S. Dist. LEXIS 87200 (S.D. Fla. 2015) granted stay noting that "[t]his Court may exercise its discretion to avoid such unnecessary expenditures of time and resources by ordering a stay of proceedings" particularly where "Defendant will be forced to endure onerous discovery and significant expenses, which may be needlessly incurred……"

A stay of discovery is also appropriate pending the Motion to Transfer Venue being heard to prevent the parties from incurring unnecessary discovery expenses and allow the Court to decide on the Motion to Transfer Venue. This stay is justified and will not prejudice either party. In *Danner Constr. Co. v. Hillsborough County*, No. 8:06-CV-650-T-17TBM, 2009 U.S. Dist. LEXIS 92716 (M.D. Fla. 2009), a trial court "does not abuse its discretion in granting a stay so long as the scope of the stay is limited and a reasonable justification is provided." A trial court should consider whether the stay will conserve judicial resources and to avoid unnecessary

discovery and litigation expenses. *Zia v. CitiMortgage, Inc.*, No. 15-23026-CIV-GAYLES, 2016 U.S. Dist. LEXIS 37039 (S.D. Fla. 2016) found that "the potential savings to the parties from unnecessary discovery expenses, as well as potential savings in judicial economy outweigh any hardship on the plaintiff that might be caused by the delay." A stay in proceedings would promote judicial economy and efficiency and would not unfairly prejudice or burden the Plaintiff. In the instant matter, a stay of discovery will not prejudice the parties. It will allow the opportunity for the Mediation to take place and the Motion to Transfer Venue to be decided before determining if further discovery is necessary.

The parties have exchanged initial Rule 26 disclosure documents pertaining to the Plaintiff's claim. On December 14th 2017, Plaintiff has propounded 14 Request for Admissions, 83 Request for Documents and 11 Interrogatories. Defendants' efforts to timely respond will be expensive and cumbersome. A stay is proper as it will conserve judicial resources and avoid costly and potentially unnecessary attorneys' fees and litigation expenses. A stay will not prejudice the parties.

## CONCLUSION

WHEREFORE, Defendants respectfully requests that this Honorable Court grant Defendants Motion For Settlement Conference and entering an Order for a Settlement Conference within Thirty (30) days and Staying Discovery with a protective order ruling that Defendants are not required to respond to further discovery requests until the Settlement Conference occurs and Motion to Transfer Venue is decided, and granting such other and further relief as deemed just and proper by this Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically served the foregoing document via Email notification on this 22 day of December, 2017 to: Rivkah F. Jaff, Esquire, Rivkah.jaff@gmail.com, Neil Tobak, Esquire, NTobak.Zidellpa@gmail.com, and J.H. Zidell, JH Zidell, Attorneys for Plaintiff, 300-71st Street, Suite 605, Miami Beach, FL 33141.
.

Respectfully Submitted:
/s/ Elissa S Vessal
ELISSA S. VESSAL, ESQUIRE, P.A.
Attorney for Defendants
1880 N. Congress Ave., Suite 200
Boynton Beach, FL 33426
Telephone: (561) 214-4648
Service Email: eservice@EsvLaw.com
Secondary Email: Elissa@EsvLaw.com